## GEIST *v.* GEIST.

A bond by a minor son to a father, in consideration of permission to leave home and work for himself, or for his board whilst at home and working on his own account, if bonâ fide, is neither against the policy of the law nor fraudulent on creditors.

The practice of opening judgments on the motion of creditors is improper; an issue should be directed when the money is brought into court by the sheriff. Per ROGERS, J.

ERROR to the District Court of Lancaster county.

*May* 13.—A judgment having been entered on bond and warrant by the son to the father, it was on motion opened, and the creditors of the son let into a defence.

On the trial it was proved, that the son, at seventeen years of age, having learned his trade, agreed with his father to go west, and work for himself, for which he was to pay $200. Subsequently, he returned home, and agreed for the board to be paid to his father whilst living at his house, where he continued until he came of age; at which time there was a settlement, and the bond in question given for the debt.

Several points were submitted for the court to instruct the jury on, which resolved themselves into two: whether the bond was voluntary; and whether the consideration was contrary to the policy of the law.

The court instructed the jury, the transaction must have been bonâ fide, for value, and not intended to defraud creditors. There was nothing contrary to the policy of the law in such an arrangement between parent and child.

The sixth point noticed particularly by the court here, with the answer thereto, was as follows:—

If the jury believe that the bond operated directly or virtually to delay, defraud, or deceive creditors, or that there is no good consideration for it or for any part of it, the payment of the whole must be postponed until the claim of Jacob Loos is satisfied.

Answer: This is true, if the bond was not bonâ fide, and was without a good consideration.

*Landis*, for plaintiff in error.—1. The right of the father to receive his son's labour is correlative to the duty of maintaining him, 1 Black. Com. 452, M. P. If he dissolves that connection which exists, or ought to exist, between the father and the son, he is no longer entitled to receive them, but they must go, from necessity, to the support of the son, 1 Black. Com. 453, M. P. ; 2 Kent's Com. 193, 194, S. P. The mother is not entitled to the services of her minor child, as she is not bound to maintain him, 2 Watts, 477. If a parent drives a minor child from his home, and the minor marries, the father cannot sustain an action against a clergyman, to recover the penalty of £50, under the acts of Assembly, for marrying him, as he does not stand in such a position as to sustain an injury, 7 Watts & Serg. 364.

2. Two things are necessary to make an instrument of writing good, so far as to affect creditors : 1st. It must be given in good faith ; 2d. For a valuable consideration. If either of these requisites are wanting, it is void, stat. 13 Eliz. ch. 5 ; 4 Bacon's Abr. 401, 402. The same doctrine is found also, pp. 403–410 ; 1 Burr. 474–476 ; 2 Cowp. Rep. 434, 435 ; Story on Equity, 374, sect. 369.

3. No consideration was given for this bond. By the father entering into the agreement with his son, he absolved him from filial allegiance, and therefore was no longer entitled to his services. If, however, there was a consideration, it was an illegal one, and therefore void ; especially so far as it affects creditors. Or if part of the consideration was illegal, the whole is void, and must fall to the ground, 2 Penna. Black. 213 ; 8 Johns. 253.

4. If the bond was given for more than was justly due, it is void as to creditors, 11 Serg. & Rawle, 328.

5. The conduct of the father was virtually an abandonment and desertion of the child. It is contrary to law, sound policy, good morals, and duty, and therefore void. The whole transaction makes out a case of constructive fraud, 1 Story's Equity, 268, sects. 258, 309, 349. If a father would be permitted to treat in this manner with his son, the whole community would be subject to be defrauded by them.

*Stevens*, for defendant in error.—The bond was given bonâ fide, and upon a good consideration. The settlement and contract, upon which the bond was based, was a fair and honest transaction, and cannot be considered as against public policy. The son was of age when he gave the bond.

*May* 18.   ROGERS, J.—If the account of the agreement between the father and the son be true, and the jury have so found, there is nothing in it contrary to law, or against the principles of public policy or good morals ; for, in no just sense, can the father be said to have abandoned and deserted his child.

Whether a parent may be said to discharge his duty to his children, depends on circumstances.   It is impossible for a father always to keep his child under the paternal roof; and frequently he consults the interest of both by allowing the son to serve another, the father receiving compensation for his services.   An arrangement such as was made here, we cannot say was injudicious, much less illegal, as the propriety of it will depend on a variety of considerations, of which alone the father can judge.   It must be left to his discretion.   Although the contract was made during the minority of the son, yet a moral obligation, at least, rested on the son, which is a sufficient consideration for a subsequent promise.   A settlement was made, including various items, viz. for services, estimated at two hundred dollars, boarding him and his apprentice, and cash lent, which resulted in a debt, for which it was agreed that the bond for three hundred dollars should be given.   The court was therefore right in instructing the jury that there was nothing illegal in the consideration, if the contract was bonâ fide. The jury having found that the contract was made in good faith, and without any design of defrauding creditors, we see no reason to disturb the verdict.   The court has answered all the defendant's points correctly, except the sixth ; but the defendant is not injured by the answer, as there can be no question as to the consideration, under the instruction of the court.   Indeed, from the whole tenor of the charge, there is no reason to believe the jury was misled, from an inadvertence merely in using the copulative instead of the disjunctive conjunction.

It is proper to remark, that the practice which has obtained of opening judgments, and letting creditors in to defend, is irregular.   The proper course, when money is brought into court, is to direct an issue.

Judgment affirmed.